Date signed May 21, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : |  |
|  | : |  |
| VINCENT L. ABELL | : | Case No. 13-13847PM |
|  | : | Chapter 11 |
| Debtor | : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |
| MARIA-THERESA WILSON | : |  |
| Plaintiff | : |  |
| vs. | : | Adversary No. 13-0537PM |
|  | : |  |
| VINCENT LEO ABELL, *et al*. | : |  |
| Defendants | : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |

**MEMORANDUM OF DECISION**

Before the court is the Motion of Jackson & Campbell, P.C. ("J&C") to dismiss Count XI of the Complaint filed September 19, 2013. Count XI of the Complaint, in pertinent part, charges:

> 231. Defendant Jackson Campbell represented Abell in the Wilson litigation in the Superior Court and was aware that Wilson had obtained a Judgment against Abell which was entered in April, 2007. Jackson & Campbell, P.C. ("Jackson & Campbell") knew that the Wilson Judgment was recorded with the D.C. Recorder of Deeds on July 24, 2007 which created

a judgment lien on the real properties of Abell in the District of Columbia.[1]

232. On or about October 25, 2007, while that judgment lien was in effect, Abell sold property located at 3115 12th Street, NE, Washington, D.C. Rather than honor the Judgment Lien which was of record, the Settlement Agent, North American Title Company, allowed most of the net settlement proceeds of $226,714.96 to be paid to Jackson & Campbell per an alleged "assignment." Jackson & Campbell did not have a superior attorney's lien over the sales proceeds because Jackson & Campbell's legal work did not create the sales proceeds. Further, the reason for the payment to Jackson & Campbell from the sales proceeds is described in the HUD-1 as an "assignment" not because of a lien.

233. Jackson & Campbell knew, or should have known, that (a) Wilson had a superior judgment lien as to any claim of Jackson & Campbell to the proceeds from the sale of the aforesaid property, (b) that the payment of $226,714.96 from the sales proceeds to Jackson & Campbell was made in derogation of Wilson.s rights a judgment lien holder, (c) that the payment was a fraudulent transfer by Abell to delay, hinder, or defraud Ms. Wilson and other creditors, and (d) that the transfer or "assignment" was an illegal preference.

234. Jackson & Campbell received and held those funds in trust for Plaintiff Wilson who held a lien as to the sales proceeds. Jackson & Campbell breached its duties to Wilson by exercising dominion over those proceeds and not paying them to her.

235. Jackson & Campbell's receipt of the aforesaid sales proceeds was wrongful as to Plaintiff Wilson, it unjustly enriched Jackson & Campbell, and Jackson & Campbell's continued holding of those funds is inequitable and injurious to the Plaintiff.

---

[1] On April 13, 2007, the Superior Court of the District Columbia entered an Amended Judgment as to a jury verdict in *Wilson v. Vincent L. Abell, et al.*, Civil Action No. 04-7270, in favor of the Plaintiff and against the Debtor, Modern Management Company and Calvin Baltimore in the amount of $60,000.00, plus post-judgment interest at 6% and costs. As to the Debtor, judgment was entered in favor of the Plaintiff in the amount of $2,000,000 in punitive damages, plus post-judgment interest at 6%, and costs. As to Modern Management Company, judgment was entered in favor of the Plaintiff in the amount of $1,100,000 in punitive damages, plus post-judgment interest at 6%, and costs. On December 14, 2011, judgment was entered in favor of the Plaintiff against the Debtor, Modern Management Company and Calvin Baltimore awarding fees and costs of $428,520.91, plus interest. *See* Proof of Claim No. 10. In Adversary Proceeding No. 13-312, this court entered summary judgment finding that the money judgments entered in Plaintiff's favor by the Superior Court were excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

> 236.  Plaintiff Wilson is entitled to judgment against Jackson & Campbell in the amount of $226,714.96, plus both pre-judgment and post-judgment interest, costs and attorney's fees.

What the Plaintiff charges is that, knowing that the Plaintiff had a superior lien against the subject property, the Defendant caused the party conducting the settlement of the property sold by the Debtor, located at 3115 12th Street, N.E., Washington, D.C., to ignore the judgment lien of record and not pay the proceeds of the sale to the Plaintiff and to disburse settlement proceeds to J&C on account of an alleged "assignment" of $226,714.95 to it.  The Plaintiff alleges that she had a superior claim to the proceeds from the sale of the property.  Assuming the allegations of the Complaint to be true, her judgment lien was superior to any claim held by the Defendant.  The judgment lien was properly recorded, so the J&C interest was subordinate to it.  The Plaintiff charges that the payment to J&C was made in derogation of her rights as a lien holder.  The court cannot agree with this proposition.  The payment to J&C had no effect whatsoever on the efficacy of the lien.  From all that the court can determine from the record, that lien remains of record today.  The Plaintiff also charges that the transfer to J&C was fraudulent by the Debtor to delay, hinder or defraud creditors.  There is nothing in the record to suggest that the Debtor did not owe J&C the amount paid to it and that by discharging this indebtedness he received reasonable equivalent value.  The Plaintiff also charges that the payment to J&C was an illegal preference.  The preference law contained in the Bankruptcy Code gives the estate the ability to claw back payments made within 90 days to one year of the petition's filing from favored creditors.  The court is unaware that outside of the bankruptcy court there is any relief for preferring one creditor over another.

J&C asserts that the Plaintiff lacks standing to assert a claim against it and that if a claim exists it is barred by the statute of limitations as a complete defense.  These defenses will not be considered by the court, because the court lacks jurisdiction over the action for breach of trust and unjust enrichment between these two non-debtors.  While this action may be "related to" the bankruptcy case in that the dispute arises out of the parties' dealings with the Debtor, that relationship does not create jurisdiction under 28 U.S.C. § 1334(b).  As noted in the case of *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (CA7 1994):

> The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy

court so that all claims by and against the debtor can be determined in the same forum.  *In re Xonics*, 813 F.2d 127, 131 (7th Cir.1987).

Count XI of the Complaint is neither by nor against the Debtor.  It is a lawsuit between two non-debtors and does not involve any property that is part of the bankruptcy estate.  Its result will have no effect upon estate property and this dispute is of no consequence to the bankruptcy estate.  As free-standing action, it could be brought by the Plaintiff in a court of competent jurisdiction.  The limited jurisdiction of this court does not extend so far as to enable it to render a decision over this controversy.  An appropriate order will be entered.

cc:  All Parties in Interest

**End of Memorandum**